NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 16, 2010
Decided June 16, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2996

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 08-CR-327 |
| | |
| DERRELLE COLE, | Charles N. Clevert, Jr., |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Derrelle Cole served as the getaway driver while his two armed accomplices robbed a bank in Greenfield, Wisconsin. The trio made off with a little over $900 but had not gotten far before they were caught. Cole pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii), and the district court sentenced him to a total of 196 months' imprisonment. Cole appeals, but his appointed lawyers seek to withdraw because they have concluded that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Cole did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues counsel identify in their facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Cole has told counsel that he does not want his guilty pleas vacated, so they properly refrain from considering the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel identify just one potential issue for appeal: whether Cole could challenge the reasonableness of his overall prison sentence. Cole had two prior felony convictions for crimes of violence (armed robbery and conspiracy to commit armed robbery) and thus qualified as a career offender under U.S.S.G. § 4B1.1(a). His guidelines range for the new charges was 262 to 327 months, but the government recommended total imprisonment of 196 months (112 months for the armed robbery charge plus the mandatory minimum of 84 months for the firearm charge, *see* 18 U.S.C. § 924(c)(1)(A)(ii)) to reward Cole for substantial assistance. *See* U.S.S.G. § 5K1.1. Cole asked the district court to reduce his prison sentence even further to 140 months and to impose it concurrently with a state sentence he was then serving. The district court granted the latter request but declined the former and adopted the government's recommendation of 196 months, a reduction of roughly 25% from the low end of the guidelines range.

We agree with counsel that it would be frivolous for Cole to challenge his prison sentence. In advocating for 140 months, Cole pointed to his family ties, his history of mental illness and drug abuse, his cooperation with the government, and the length of his codefendants' sentences. The district court considered these factors but concluded that any mitigating value was outweighed by the nature of the offense and Cole's extensive criminal history, including another armed robbery for which he had been released from prison just two months before participating in the bank robbery. According to the court, Cole had demonstrated that he has "no fear of incarceration" or "respect for the safety of other people," and thus a sentence lower than 196 months would not adequately protect the public or reflect the seriousness of the offense. On appeal we would presume Cole's below-guidelines sentence to be reasonable, *see United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008), and, in light of the district court's careful consideration of the sentencing factors under 18 U.S.C. § 3553(a), Cole would be unable to rebut that presumption, *see United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.